In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Real Property Required for the Opening and Extending of 80th Street (Weisse Avenue — Dry Harbor Road) from Grand Avenue (Street) to Metropolitan Avenue, in the Borough of Queens, City of New York. ISABELLE REALTY COMPANY, Appellant; THE CITY OF NEW YORK, Respondent.— In a proceeding brought for the condemnation of real estate, final decree awarding to Isabelle Realty Company, claimant, the sum of $675 for the taking of damage parcels Nos. 3 and 4, in so far as appealed from, unanimously affirmed, with costs. The sale by appellant to Vanrose Realty Corporation, on January 9, 1928, of property of the appellant, shown on its filed Archer Farm Map as abutting on Eightieth street between Grand avenue and Fifty-fourth avenue, which sale was made with reference to that map, created easements of access in favor of the property so conveyed, over Eightieth street (*Matter of City of N. Y.* [*Northern Blvd.*], 258 N. Y. 136, 147; *Lord* v. *Atkins*, 138 id. 184, 191; *White's Bank of Buffalo* v. *Nichols*, 64 id. 65, 73) in both directions to the public street system (*Matter of City of New York* [*Lorraine Avenue*], 256 App. Div. 983 [2d Dept.], decided March 6, 1939; *Matter of City of New York* [*E. 177th Street*], 239 N. Y. 119, 131; *Reis* v. *City of New York*, 188 id. 58), that is to say, north to Grand avenue and south to Fifty-seventh avenue, each concededly a legally opened street, across Fifty-fourth avenue, on which the property thus conveyed to the Vanrose Realty Corporation abuts. Concededly, Fifty-fourth avenue is not a legally opened street. On principle, therefore, the Vanrose Realty Corporation, on January 9, 1928, acquired, and its successors in title had as of the date of vesting of title in the city herein (August 1, 1930), easements of access from that property to Fifty-seventh avenue, the first legally opened street to the south. Therefore, appellant's Damage Parcels 3 and 4, which are in the bed of Eightieth street between Fifty-fourth avenue and Fifty-seventh avenue, were subject to such private easements at the time of vesting. This circumstance had a reducing effect upon appellant's damages for the taking of those parcels, the value of which was fixed in the final decree at $675 only. We agree with the Special Term that proof on the subject of substitute access through Fifty-fourth avenue and Eighty-third street to the public street system to the south (Fifty-seventh avenue), was wholly insufficient (a) to warrant a finding that such substitute access existed, and (b) to warrant the conclusion of law that such easements over Eightieth street did not exist. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.